ALEXANDER B. TRUEBLOOD (Cal. Bar No. 150897)
TRUEBLOOD LAW FIRM
10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
Telephone: (310) 443-4139
Facsimile: (310) 943-2255

Attorneys for Plaintiffs
BRUCE AND KELLY RICHARD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE RICHARD, and KELLY RICHARD, <br><br>          Plaintiffs, <br><br>          vs. <br><br> RENT-A-CENTER, INC., and DOES 1 through 10, inclusive, <br><br>          Defendants. | Case No: 2:15-CV-00572 <br><br> **COMPLAINT FOR:** <br><br> **(1) VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT** <br><br> **(2) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT** <br><br> **(3) INVASION OF PRIVACY** <br><br> **(4) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |

Plaintiffs Bruce and Kelly Richard hereby complain against defendants Rent-A-Center, Inc. ("RAC") and Does 1-10, and allege on information and belief as follows:

## OPERATIVE FACTS

1.     Plaintiff Bruce Richard entered into a rental-purchase contract with RAC, through one of its Acceptance Now outlets, to acquire furniture on credit, primarily for personal, family, or household use. At another Acceptance Now outlet, both plaintiffs entered into a second rental-purchase contract with RAC to acquire furniture on credit, also primarily for personal, family, or household use.

2.     RAC began a campaign of debt collection harassment against plaintiffs.  RAC called plaintiffs with an unreasonable frequency, as many as 20 times a week, using an automatic dialing system.  RAC made many of its automated calls to plaintiffs' cell phones.  Plaintiffs asked RAC to stop the harassment, and asked for managers or the corporate office.  RAC's personnel stated that there was no one above them to talk to, and refused to give a number to call the corporate office.

3.     RAC called plaintiff Kelly Richard's sister more than once, and told her to pass along messages to her sister Kelly, "before things get worse."  RAC had plaintiffs' current address and telephone at the time.

4.     RAC called plaintiff Kelly Richard's other sister several times, each time asking her to pass on a message to Kelly to call RAC.  RAC also asked if Bruce Richard was deployed as active military. RAC had plaintiffs' current address and telephone at the time.

5.     Bruce Richard is an active duty member of the military at Camp Pendleton.  RAC's employee or agent, sued herein as Doe No. 1, told Bruce Richard that Doe No. 1 was a retired gunnery sergeant who lived near Camp Pendleton, and that if plaintiff didn't pay, RAC would contact his first sergeant at the base and "get in front" of him to embarrass plaintiff.  Doe No. 1 did in fact call

1

1   Bruce Richard's superior at the base, and left a message that he should call "Retired
2   Gunnery Sergeant Craig Wady."

3      6.      RAC threatened plaintiffs orally with a small claims lawsuit, and in
4   writing "to file a lawsuit against you without further notice."  RAC never filed a
5   lawsuit.

6      7.      RAC threatened to repossess plaintiff's furniture, when such property
7   is exempt from repossession pursuant to Code of Civil Procedure § 704.020, and
8   the Soldiers and Sailors Relief Act.

9      8.      Plaintiffs sent letters to RAC refusing to pay the account, which
10   triggered RAC's statutory duty under the Rosenthal Act to cease all contact with
11   plaintiffs.  Angered by plaintiffs' letters, RAC's personnel continued their
12   harassment, making more calls to plaintiffs.

13      9.      The harassment took an emotional toll on both plaintiffs, and
14   especially Kelly Richard. As a result of the harassment, she became depressed,
15   afraid to leave the house, and unable to take her kids to school.  She had to drop a
16   class at her local college, and her sister had to come live with her to assist with
17   daily living.

18                          **JURISDICTION AND VENUE**

19      10.     The court has federal question jurisdiction over this matter pursuant to
20   47 U.S.C. § 227(b)(3). The court has supplemental jurisdiction over the state law
21   claims pursuant to 28 U.S.C. § 1367.

22      11.     Venue is proper in the Central District of California because a
23   substantial part of the events or omissions giving rise to the claim occurred in this
24   district, and defendants are subject to the court's personal jurisdiction in this
25   district.

26                                **PARTIES**

27      12.     Plaintiffs are natural persons over the age of 18 years and are residents
28   of the state of California.

13.     Defendant Rent-A-Center, Inc. is a Delaware Corporation headquartered in Plano, Texas.

14.     Defendants Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to plaintiff, and who therefore are sued by such fictitious names.   Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to plaintiff.  Plaintiff will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

15.     At all times mentioned herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment.  The defendants are jointly and severally liable to plaintiff.

## FIRST CAUSE OF ACTION
### (Against All Defendants for Violations Of The Telephone Consumer Protection Act, 47 U.S.C. § 227).

16.     Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

17.     Defendants utilized an automatic telephone dialing system to call plaintiffs and their family, which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers.

18.     In violation of 47 U.S.C. § 227(b)(1), defendants used their automatic telephone dialing system to call the cellular phones of plaintiffs and their family members.

19.     Plaintiffs seek an injunction to stop any further automated calls to their cell phones, or to the general public's cell phones.

20.     Plaintiffs are entitled to recover their actual monetary loss from

3

defendants' violations, or to receive $500 in damages for each such violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3).

21.     Defendants willfully or knowingly violated the TCPA or its implementing regulations, thereby entitling plaintiffs to treble damages pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, plaintiffs pray for relief as set forth below.

## SECOND CAUSE OF ACTION
### (Against all Defendants for Violations of  the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788 et seq.)

22.     Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

23.     The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). It thus enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. (the "Rosenthal Act"), to ensure the integrity of our banking and credit industry. Id. § 1788.1(b).

24.     Plaintiffs are "debtors" within the meaning of Civil Code § 1788.2(h) in that they are natural persons from whom defendants sought to collect a "consumer debt" alleged to be due and owing by reason of a consumer credit transaction.  "Debt" is defined under the Rosenthal Act to mean "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person." Civil Code § 1788.2(d).

25.     The defendants at all times relevant herein were "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of money or property which is due or alleged be due or owing by reason of a consumer credit transaction.

26.     Defendants violated Civil Code § 1788.10(e) by threatening to seize

4

1    plaintiffs' property when such action was not permitted by law.

2        27.    Defendants violated Civil Code § 1788.11(d) by causing a telephone to

3    ring repeatedly or continuously to annoy the person called.

4        28.    Defendants violated Civil Code § 1788.11(e) by communicating, by

5    telephone or in person, with the debtor with such frequency as to be unreasonable

6    and to constitute an harassment under the circumstances.

7        29.    Defendants violated Civil Code § 1788.12(a) by communicating orally

8    with plaintiff Bruce Richard's employer for purposes other than verifying

9    employment.

10       30.    Defendants violated Civil Code § 1788.12(b) by communicating

11   information regarding plaintiffs' alleged debt to members of their family other than

12   a spouse.

13       31.    Defendants violated Civil Code § 1788.13(a) by communicating with

14   Bruce Richard other than in the name either of the debt collector or the person on

15   whose behalf the debt collector is acting.

16       32.    Defendants violated Civil Code § 1788.13(j) by making the false

17   representation that a legal proceeding would be instituted unless plaintiffs made a

18   payment.

19       33.    Defendants violated Civil Code § 1788.17, incorporating by reference

20   15 U.S.C. § 1692c, by failing to cease contact with plaintiffs upon being notified

21   that they refused to pay the alleged debt, and by communicating with third parties

22   in violation of 15 U.S.C. § 1692b.

23       34.    Defendants violated Civil Code § 1788.17, incorporating by reference

24   15 U.S.C. § 1692d, by engaging in conduct the natural consequence of which was

25   to harass, oppress, or abuse plaintiffs in connection with the collection of an alleged

26   debt.

27       35.    Defendants violated Civil Code § 1788.17, incorporating by reference

28   15 U.S.C. § 1692e, by using false, deceptive, or misleading representations or

means in connection with the collection of a debt.

36.    Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692f(6), by using unfair or unconscionable means to collect or attempt to collect an alleged debt.

37.    As a proximate result of defendants' violations of the Rosenthal Act, plaintiffs have been damaged in amounts which are subject to proof. Plaintiffs are entitled to recover her actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

38.    Defendants' violations of the Rosenthal Act were willful and knowing. Plaintiffs are entitled to recover statutory damages of $1,000 per defendant pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), and Civil Code § 1788.30(b).

39.    Plaintiffs are entitled to recover their attorneys fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

WHEREFORE, plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION
**(Against all Defendants for Invasion of Privacy)**

40.    Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

41.    Plaintiffs had and continue to have a reasonable expectation of privacy with respect to their private lives, home, and workplace.

42.    Defendants seriously invaded plaintiffs' right to privacy in a manner which constituted an egregious breach of social norms.

43.    As a proximate result of defendants' conduct, plaintiffs have suffered damages in an amount to be determined according to proof.

44.    Defendants acted with malice, oppression, and/or fraud towards plaintiffs within the meaning of Civil Code § 3294, thereby entitling them to an

award of punitive damages. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted towards plaintiff with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct or knowingly accepted and retained the benefits of the wrongdoing.

WHEREFORE plaintiff prays for relief as set forth below.

## FOURTH CAUSE OF ACTION
### (By Plaintiff Kelly Richard Against all Defendants for Intentional Infliction of Emotional Distress)

45.     Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

46.     Defendants engaged in extreme, outrageous and unreasonable acts with respect to plaintiff Kelly Richard, with a willful intent to injure her.  These acts went beyond the bounds of decency expected in a civilized society.

47.     Defendants intended to cause plaintiff to suffer emotional distress, and/or engaged in their outrageous conduct with reckless disregard of the probability of causing plaintiff to suffer emotional distress.

48.     As a direct and proximate result of defendants' outrageous conduct, plaintiff suffered severe mental distress, mental suffering, and/or mental anguish, including fear, embarrassment, anxiety, worry, humiliation, and indignity.

49.     As a proximate result of defendants' conduct, plaintiff has suffered damages in an amount to be determined according to proof.

50.     Defendants acted with malice, oppression, and/or fraud towards plaintiff within the meaning of Civil Code § 3294, thereby entitling her to an award of punitive damages. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted towards plaintiff with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of

7

1  others, and/or themselves authorized or ratified the wrongful conduct or knowingly

2  accepted and retained the benefits of the wrongdoing.

3      WHEREFORE plaintiff prays for relief as set forth below.

4  **PRAYER FOR RELIEF**

5      WHEREFORE, plaintiff prays for the following relief:

6      1.  For actual damages;

7      2.  For statutory damages;

8      3.  For punitive damages;

9      4.  For treble damages under the TCPA;

10      5.  For pre-judgment interest to the extent permitted by law;

11      6.  For an award of attorneys' fees, costs and expenses incurred in the

12  investigation, filing and prosecution of this action; and

13      7.  For such other and further relief as the Court may deem just and proper.

14

15  **DEMAND FOR JURY TRIAL**

    Plaintiff hereby demands a trial by jury under the United States and

16  California constitutions.

17

18

19  Dated:  March 25, 2015        Respectfully Submitted,

20          TRUEBLOOD LAW FIRM

21

22

        By:        /s/

23               Alexander B. Trueblood

24          Attorneys for Plaintiffs

25          BRUCE AND KELLY RICHARD

26

27

28

8